**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **DFO, LLC,** § | |
| § | |
| V. § | **A-12-CV-900-LY-AWA** |
| § | |
| **AMER HAMMOUD, FSI-6768, LLC,** § | |
| **and FSI-8111,LLC.**[1] § | |

**ORDER**

Before the Court is Plaintiff DFO, LLC's ("Denny's") Motion for Preliminary Injunction (Dkt. No. 2). On December 4, 2012, based upon the parties' consent, the District Judge referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. PROCEDURAL BACKGROUND**

On January 4, 2013, the parties appeared at a hearing on Denny's motion for a preliminary injunction, and announced that they had reached an agreement regarding the motion. The parties recited into the record the terms of the agreement, to be enforced if Defendants Amer Hammoud and FSI-6768, LLC ("Hammoud") failed to secure the sale of the Denny's restaurant and franchise located at 2700 North IH-35, Round Rock, Texas (the "restaurant"), "within a reasonable period of time." Dkt. No. 21. In short, Denny's agreed to adjourn the preliminary injunction hearing on the condition that Hammoud acknowledge that it no longer possessed any rights under the franchise agreement with Denny's. In exchange, Denny's agreed to forbear its right to enforce its trademark rights as well as its post-termination rights under the franchise agreement, provided that a separate

---

[1] FSI-8111, LLC, has been sold and is no longer a party to this suit.

entity, CNK Texas Enterprises, LLC, Kevin Killham, or another entity owned by Mr. Killham assumed management responsibilities over the Round Rock Denny's restaurant within two weeks, and that Killham or an entity owned by him completed the purchase of the restaurant within a reasonable period of time. Defendants further acknowledged that Denny's would have a right to an injunction if the sale was not completed within a reasonable period of time, if Killham discontinued or declined to proceed with purchasing the restaurant, or if Killham or one of his entities ceased management responsibilities after having assumed them. When asked by the Court at the January hearing when they anticipated that the sale of the Round Rock Denny's restaurant would be completed, both parties estimated it would take ninety days for the sale to close. Dkt. No. 21.

Following the hearing on January 4, 2013, the Court issued a Status Report Order in which it directed the parties to "file a status report on [this] case on or before April 15, 2013." Dkt. No. 20. The Court received a letter from Denny's on April 15, 2013, stating that the sale had not closed, but requesting that the Court defer a hearing until the week of June 3, 2013, at which Denny's would request the Court to enforce the terms of the parties' forbearance agreement if the restaurant had still not sold by that time. Hammoud filed a response on April 16, 2013, stating that it expected the sale of the restaurant to be completed by late May, 2013, noting that additional delays beyond that date could also take place, and asking for a hearing no earlier than the week of June 17, 2013. After considering the filings, the Court set a hearing for June 17, 2013. Dkt. No. 25. In its order, the Court made it clear that "[s]hould the [Round Rock] restaurant still be unsold, the Court will enforce the terms of the Parties' forbearance agreement at the hearing." *Id.*

On June 17, 2013, the parties again appeared before the Court, and announced that while the sale transaction was nearer to closing, it would not close by June 17, 2013. Denny's thus requested

2

that the Court enforce the agreement stated at the January hearing. Hammoud requested that the Court provide it one more extension of time, through July 1, 2013, and noted that Denny's had approved the prospective purchaser of the restaurant.

Both parties submitted a proposed injunction order. Denny's proposed order includes a declaration that Hammoud possesses no rights under the franchise agreement that applied to the restaurant, and orders that the agreement is terminated effective June 17, 2013. With regard to the injunctive language, the proposed order enjoins Hammoud:

- from displaying Denny's name or any of Denny's registered service marks at the restaurant;

- from operating any type of business on the restaurant property until Denny's name and all service marks are removed from the property;

- to immediately cover of all Denny's signs, with the signs to be permanently removed within 10 days; and

- from operating a competing business as described in, and provided by, the franchise agreement

Finally, the proposed order declares that all of Denny's post-termination rights under the franchise agreement survive entry of the court's order and remain enforceable by Denny's.

Hammoud also submitted a proposed order, identical in all respects to the order submitted by Denny's, except that all of the relief described above would not take effect until July 1, 2013, rather than on June 17, 2013, as requested by Denny's. Hammoud concedes that the sale has not closed, but argues that it is through no fault of its own that this has happened, and that it cannot control the buyer's lender. Hammoud further states that if an injunction issues it will have to shut down the restaurant, which would cause the loss of a significant amount of food, the discontinuance of the restaurant's activities, and the laying off of up to 40 employees, none of which it believes

would be necessary if the deadline to close the restaurant acquisition is extended to July 1, 2013.

## II. ANALYSIS

While the Court is sympathetic to Hammoud's situation, the fact remains that the franchise agreement with Denny's was terminated as long ago as early December 2012, and it has nonetheless been operating the restaurant as a Denny's for the past six months without any right to do so. It concedes that entry of an order stating that it has no rights under the franchise agreement is appropriate. And while the Court believes that Amer Hammoud is sincere in saying that he believes the deal will close next week, the Court also notes that Hammoud has made it clear that it does not control the buyer's lender, and thus it is very possible, if not likely, that the delays that have plagued this acquisition will continue, and that the deal will not close when Hammoud hopes it will. There must be an end at some point. Accordingly, as promised in the order setting the hearing that took place today, the Court will enforce the terms of the agreement read into the record on January 4, 2013. In doing so, however, the Court will provide Hammoud one last chance to close the sale, but only until the end of this week—June 21, 2013.

In reviewing the parties' proposed orders, the Court found that the orders do not track the language of the agreement recited on the record in January, with both being broader in scope than the recited agreement. The most important of the differences is the request for the Court to enter a permanent injunction. The parties only consented to the undersigned ruling on the Motion for Preliminary Injunction. Dkt. No. 16. Therefore, the Court does not have the power to enter a permanent injunction. Additionally, the parties' agreement said nothing about the Court enjoining

Hammoud from operating a competing business, and the Court declines to do so at this time.[2] Finally, because the Court cannot enter permanent injunctive relief, the request that the Court order Hammoud to permanently remove signs is beyond the Court's power.

**ACCORDINGLY**, the Court hereby **GRANTS** DFO, LLC's Motion for Preliminary Injunction (Dkt. No. 2). Consistent with this, it is **ORDERED** that, effective June 22, 2013, Defendants possess no rights under the franchise agreement concerning the Round Rock Denny's restaurant dated March 28, 1995, and that the franchise agreement is terminated as of June 22, 2013.

It is further **ORDERED** that, effective June 22, 2013, Defendants and their officers, agents, and employees are **ENJOINED PENDING TRIAL** from using or displaying the Denny's name or service marks in any manner whatsoever with respect to the Round Rock Denny's restaurant.

It is further **ORDERED** that, effective June 22, 2013, Defendants and their officers, agents, and employees are further **ENJOINED PENDING TRIAL** from conducting or operating any kind of business on the property related to the Round Rock Denny's restaurant until and unless the Denny's name and all service marks of Denny's are removed from the premises.

It is further **ORDERED** that, effective June 22, 2013, and **PENDING TRIAL**, Defendants are to cover all signs containing the Denny's name or logo, including without limitation all sign canisters in the shape of Denny's trademarked French diamond.

Finally, it is **ORDERED** that all terms and provisions of the franchise agreement concerning the Round Rock Denny's restaurant dated March 28, 1995, that concern DFO, LLC's rights and

---

[2]It would appear that the franchise agreement already addresses this issue anyway. As the parties agree that all of Denny's post-termination rights and remedies survive the entry of the injunction order, the Court sees no reason to duplicate franchise agreement provisions in the injunction order.

remedies from and after the termination of that franchise agreement shall survive the entry of this Order and the termination of the franchise agreement and be and remain enforceable by DFO, LLC, according to the terms of the franchise agreement.

There is no requirement of any bond, and this Order of Preliminary Injunction is effective as set forth above.

SIGNED this 17th day of June, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE